W. P. DOUGLASS v. MARY MOORE ET AL.

(No. 3593.)

LIMITATION.—Three years' limitation will not run where defendant acquired property from surviving husband by deed given after death of wife without authority to convey more than his share.

APPEAL from Guadalupe county. Opinion by WALKER, P. J.

STATEMENT.— The assignments of error in this case present the single question whether the evidence established, as against either Mrs. Mary Moore or Mrs. Ellen Partain, the defendants' pleas of the statute of limitation. The facts are agreed on which must determine that proposition; there is no dispute concerning them.

The plaintiffs claim by inheritance through Margaret Swift, their mother, who was the wife of Arthur Swift, their father. The parents were married July 3, 1845; the mother died March 17, 1853. Mrs. Moore was born July 3, 1846. Mrs. Partain was born March 6, 1853. The former was married to her present husband, W. E. Moore, December 15, 1869; Mrs. Partain was married to her present husband, T. E. Partain, November 25, 1874.

Arthur Swift acquired the property in dispute by deed from one Sheffield, during the marriage with the mother of the plaintiffs, and he conveyed the same (all the lots referred to in the petition) to the defendants after his said

wife's death. The defendants produced on the trial a chain of title from said Arthur Swift to themselves under deeds duly recorded, and proved that they had possession since the spring of the year 1854, the date of their deed, and that all taxes had been paid by the defendants on the property during the whole period up to the time of trial.

OPINION.— The facts do not require of us to consider the subject with reference to the plea setting up the bar of three years,' adverse possession, for the reason that the defendants rely on adverse possession, under a conveyance by Arthur Swift, of property which appellee, under the evidence, claims to have belonged to the community estate of himself and his deceased wife aforesaid, made after her death. Without authority to convey a greater interest than his own share or one-half, such a conveyance does not convey title or color of title to the interest which descends to the heirs of the wife; and as to such interests, it will not support a defense of the statute of limitation of three years. Veramendi v. Hutchins, 48 Tex., 550. Proof shows that the statute of limitation had only run against Mrs. Partain three years, two months and twenty days. The judgment, therefore, was well sustained as to her, in so far as relates to the question of limitation. Grigsby v. Peake, 57 Tex., 142.

Mrs. Moore was barred by statute of five years' limitation, having attained her majority July 15, 1867. But she was further protected by sections 14 and 43, article 12, of state constitution of 1869. Said constitution was accepted by congress March 30, 1870, but she was not entitled to tack the disability of infancy to that of her coverture. Id. Therefore she was barred at the time of filing this suit on the 5th day of April, 1877, more than seven years having elapsed. The interest, therefore, which Mrs. Moore inherited directly from her mother is barred by statute of limitation.

But at the time of Mrs. Swift's death she left surviving

her, besides Mrs. Moore and Mrs. Partain, two other daughters. Martha Swift, born October 24, 1850. Martha married W. O. Collins October 18, 1868; died before her husband, February 11, 1874, leaving no children. Margaret died July 2, 1871, unmarried. Their father and mother having died before them, Mrs. Moore and Mrs. Partain inherited their estate.

Limitation began to run against Martha Collins March 30, 1870; consequently the bar of five years' limitation had not been effected at her death, February 11, 1874. Its operation was also suspended for twelve months after her death unless administration was had thereon sooner. Art. 4607, Pasch. Dig. Under the constitution of 1876, the bar of statute was limited to five years on and after April 18, 1876. The rule in Gautier v. Franklin, 1 Tex., 743, prescribing an equitable apportionment of the time of adverse occupancy under the different laws under which it was held, applies. The result is that on the 18th of April, 1876, the statute had run against Mrs. Collins' and Mrs. Moore's interest in her estate five years and eighteen days, equal to five-sevenths and eighteen three hundred and sixty-fifths of seven years, and it required two-sevenths of five years' adverse occupancy after the 18th of April, 1876, to effect a bar under the five years' statute. Two-sevenths of that time being equal to one year, five months and nineteen days, the bar would not be complete until October, 1877; therefore Mrs. Moore is not barred as to her interest in Mrs. Collins' estate. Margaret Swift dying during her minority in 1871, statute had not begun to run; therefore neither Mrs. Partain nor Mrs. Moore are barred in their interest in Margaret Swift's estate. But Mrs. Partain is not barred as to her equal inheritable share in Mrs. Collins' one-fourth part of their mother's community interest.

For error in awarding to Mrs. Moore one-fourth of the property in dispute, the judgment will be reversed, and the appropriate judgment rendered by the supreme court, which is that plaintiff Mary Moore, in her separate right,

joined by her husband, W. E. Moore, recover one-eighth part of lots described in petition. That Ellen Partain, in her separate right, joined by her husband, T. E. Partain, recover two-eighths of said lots, and that defendants have the remaining five-eighths according to their respective interests, and that the cause be remanded for proceedings to partition said lots in accordance with the judgment which is here rendered.

REVERSED AND RENDERED.